THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LINDA BROYLD, Defendant-Appellant.

Fourth District   No. 4—85—0845

Opinion filed August 21, 1986.—Rehearing denied September 22, 1986.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On September 14, 1984, defendant, Linda Broyld, was charged in the circuit court of Macon County with two counts of aggravated battery. She was subsequently tried *in absentia*. On September 23, 1985, the court entered judgment on a jury verdict finding her guilty of aggravated battery as defined by section 12—4(b)(3) of the Criminal

Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 12—4(b)(3)), which consists of a battery wherein the accused knowingly causes bodily harm to the victim. On November 6, 1985, the court sentenced defendant *in absentia* to two years' imprisonment. Defendant has appealed contending: (1) the State failed to prove beyond a reasonable doubt that she was the person who committed the offense; (2) upon arraignment, the court failed to advise her, as required by statute, of the consequences of her failure to appear at trial; and (3) the State failed to establish that she had wilfully failed to appear for trial.

We need consider the trial evidence only to the extent necessary to determine whether the jury could properly have found beyond a reasonable doubt that the Linda Broyld described by witnesses at trial as committing the offense was the same person as the Linda Broyld who was charged. Mary Jane Maddox, dean of students at Decatur Eisenhower High School, testified that, on September 14, 1984, she disciplined a daughter of Linda Broyld and requested the daughter bring her mother to the school. Maddox further testified that later that afternoon, Linda Broyld and her daughter appeared, and Linda Broyld attacked her. Maddox also identified a photograph as being of Linda Broyld. Audrey Tate, a secretary at the school, testified that a ''Mrs. Broyld'' was in an office with Maddox and later was chasing Maddox. Jack Batthauer, a Decatur police officer, testified that he went to the high school and arrested Linda Broyld on the afternoon of September 14, 1984. Bill Rohrscheib, the principal of the school, testified that he saw a black woman attack Maddox but did not recite the name of that black woman.

In at least two prior criminal cases concerning trials *in absentia,* this court has faced the issue of the quantum of proof necessary to show that the person being tried is the same person as that described by witnesses as having committed the offense. In *People v. Collins* (1982), 109 Ill. App. 3d 1076, 441 N.E.2d 935, two witnesses observed the arrest of a person they described as having committed the offense. One witness testified to having seen that person in custody at a police station shortly after the offense. That person was also identified as one who had committed a previous theft and who bore the same name as the accused. The evidence of identification was held to be sufficient. In *People v. Stanley* (1983), 116 Ill. App. 3d 532, 452 N.E.2d 105, the majority opinion apparently relied on (1) the similarity in names between the defendant tried *in absentia* and the person identified as the perpetrator of the offense; and (2) evidence that the alleged perpetrator had been interviewed by a police officer and had confessed. The concurring opinion did not deem the evidence of the

confession to an officer to be circumstantial evidence that the person confessing was the person charged. The concurrence then pointed out that any presumption arising from the identity of names would be insufficient, of itself, to support a finding of identity. The concurrence concluded that the failure of the person charged to appear was evidence of flight and indicated that he was the perpetrator. Thus, the presumption from identify of names was corroborated.

■ The supreme court has recognized that identity of name gives rise to a "rebuttable presumption" of identity of person. (*People v. Davis* (1983), 95 Ill. 2d 1, 31, 447 N.E.2d 353, 368, *cert. denied* (1983), 464 U.S. 1001, 78 L. Ed. 2d 697, 104 S. Ct. 507.) However, that presumption has not ever been held to be sufficient without corroboration to support a finding which, as here, requires proof beyond a reasonable doubt. Nevertheless, we deem sufficient corroboration to have been shown here.

The testimony as to the name of the person committing the offense was not as strong here as in *Collins* or *Stanley*, but evidence was admitted without objection that the name of the offender was Linda Broyld. The police officer making the arrest also testified that the person he arrested was named Linda Broyld. The jury could have believed that person was arrested by the officer at the place of the offense, right after the offense occurred, and at the time the officer interviewed Maddox. Thus, the jury could have found that (1) the officer arrested the woman who committed the battery; and (2) that her name was Linda Broyld. In *Collins*, the only evidence that tied the person committing the offense to the person charged, in addition to the common name, was evidence that the offender was arrested and taken to the police station. In *Stanley*, the consideration of the presumption from identity of names arose either from the confession to the officer or from the flight of the person charged. Here, there was evidence that the person identified as the offender was arrested as in *Collins* and that the person charged failed to appear at trial as in *Stanley*.

■ The described circumstantial evidence was sufficient to corroborate the presumption arising from the identity of names. The jury was justified in determining beyond a reasonable doubt that the person identified as the offender was the person charged, tried, and convicted.

The principal legislative authority for the trial of an accused in his or her absence is section 115—4.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 115—4.1), which sets forth the circumstances under which such a trial may be held. However, as

part of the bill authorizing a trial under those circumstances (Public Act. 81—1066, eff. Sept. 26, 1979), section 113—4(e) of the Code of Criminal Procedure of 1963 was also enacted as a part of the required procedure for acceptance of pleas upon arraignment. That section provides:

> "If a defendant pleads not guilty, the court shall advise him at that time or at any later court date on which he is present that if he escapes from custody or is released on bond and fails to appear in court when required by the court that his failure to appear would constitute a waiver of his right to confront the witnesses against him and trial could proceed in his absence." Ill. Rev. Stat. 1983, ch. 38, par. 113—4(e).

At arraignment here, the court admonished defendant in regard to her failure to appear for trial, stating that "[s]hould you fail to appear at the time of trial, you have no valid reason for not appearing, it is possible the trial could proceed in your absence." The court did not tell defendant that in failing to appear, she would be waiving her right to confront the witnesses against her. Defense counsel objected to proceeding at trial when the court had not previously advised the defendant concerning waiver of her confrontation rights. Thus, we are squarely faced with the question of whether the failure to include reference to loss of confrontation rights in the admonishment made the holding of the subsequent trial erroneous.

The section 113—4(e) provision of the legislation concerning trials *in absentia* was added to the proposed bill by amendment as it passed through the General Assembly (1 Final Legislative Synopsis and Digest of 1979 Session of the 81st General Assembly, at 1208). The legislative debates indicate a concern on the part of legislators as to whether the bill met constitutional muster. (81st Ill. Gen. Assem., House Proceedings, May 9, 1979, at 98-99.) Unlike Supreme Court Rule 402 (87 Ill. 2d R. 402), which by its terms requires, "substantial compliance" with the stated requirements of an admonition necessary to support a plea of guilty, section 113—4(e) has no express statement that only substantial compliance is required.

In *People v. Powell* (1981), 95 Ill. App. 3d 93, 419 N.E.2d 708, this court indicated that only substantial compliance with section 113—4(e) was required to permit the trial of an absent defendant when it stated that an admonition was in substantial compliance with the then section 113—4(d) (Ill. Rev. Stat. 1979, ch. 38, par. 113—4(d), now section 113—4(e)). In *People v. Watson* (1982), 109 Ill. App. 3d 880, 441 N.E.2d 152, the court found error to have occurred when a defendant was tried *in absentia* without being given any admonition

at arraignment concerning the consequences of not appearing at trial. There, the defendant had been sent notice by mail indicating that upon his failure to appear, he could be tried in his absence. That notice made no reference to loss of right of confrontation. The court deemed the error to arise from the failure of the court to admonish defendant personally and in court. The court said nothing about the failure to mention loss of confrontation rights in the written notice.

In *People v. Clark* (1981), 96 Ill. App. 3d 491, 421 N.E.2d 590, the admonition given the defendant was similar to that here. It mentioned a trial in the absence of the defendant but made no mention of loss of confrontation. In upholding the sufficiency of the admonishment, the Third District merely noted that in *Powell*, the admonishment referred to both a trial in the defendant's absence and loss of confrontation. The court then stated:

> "In the instant case, the defendant's admonishment referred only to a trial *in absentia*. We do not find this admonishment fatal, however, as it satisfies statutory requirements." 96 Ill. App. 3d 491, 496, 421 N.E.2d 590, 594.

Trial judges are required to make various admonitions to defendants in criminal cases. Memorization of all of the requirements is almost impossible. Judges should have a bench book or other reference before them which recites these admonishments in the words of the statute or rule requiring the admonishment. The judge should then recite these admonishments, as nearly as possible, in the language of the statute or rule. If that had been done here, this issue would not be before us.

■ The right to confront the witnesses includes the right to hear and view them as they testify. Where a defendant appears *pro se*, it includes the right to cross-examine adverse witnesses. If he or she appears by counsel, the right includes the ability to be of aid in the counsel's cross-examination. These are, of course, very important rights. However, anyone who would be able to understand what the court meant when it stated that the right of confrontation would be lost, would understand that if he or she were not present at trial, that right could not be exercised. Such precedent as exists holds that no new trial is required merely because the admonition does not refer to loss of confrontation rights. We are not disposed to change that precedent. For the reasons stated in this paragraph, we hold that no reversible error resulted from trying this defendant after the imperfect admonishment.

Section 115—4.1(a) of the Code of Criminal Procedure of 1963 sets forth the procedure for holding a trial in the absence of the

defendant. It requires that before such a trial may start, the State must "affirmatively [prove] through substantial evidence that the defendant is willfully avoiding trial." (Ill. Rev. Stat. 1983, ch. 38, par. 115—4.1(a).) The defendant's final contention is that the State failed to make this proof. We disagree.

First, in *Powell* and then in *Watson*, this court passed on the question of the sufficiency of the proof of wilfullness as required by section 115—4.1(a). In *Powell*, the court noted that requiring the State to prove that the wilfullness of defendant's avoidance of trial placed the State in a position similar to the proof of a negative, thus necessitating that the State be given wide latitude in making its proof. In *Watson*, the same theory was expressed. The court noted the great difficulty that would be involved in negating every possible excuse the defendant might have to explain his or her absence. The *Watson* court then explained that a *prima facie* case was made by (1) a showing of compliance with the statutory provisions; and (2) the failure of the defendant to appear. The court further explained that more proof was required only if the defendant presented some evidence of lack of wilfullness.

Defendant requests that we overrule the *Watson* theory that a showing of statutory compliance constitutes a *prima facie* case and places a burden on the defendant to go forward with the evidence. Defendant also maintains statutory compliance was not shown here because of the lack of admonishment about the loss of confrontation rights that would result from a failure to appear.

■ We refuse to overrule the *Watson* precedent. When a defendant (1) is advised of the fact that his failure to appear may result in a trial *in absentia*; (2) is given notice of trial; and (3) does not appear, a very strong inference is raised that the defendant has elected not to appear. To require more proof in the absence of a showing of excuse by the defendant would place on the State the unnecessary burden *Powell* sought to avoid. The issue of whether an accused is wilful in failing to appear for trial does not bear upon the accused's guilt or innocence. No presumption of innocence is involved and no constitutional problem results from any burden of producing evidence that arises from *Watson*. Notably, a substantial protection is afforded by section 115—4.1(e), which grants a new trial to a defendant convicted *in absentia* if upon appearance he or she can "establish that his failure to appear in court was both without his fault and due to circumstances beyond his control." Ill. Rev. Stat. 1983, ch. 38, par. 115—4.1(e).

■ We also reject the defense argument that the statutory com-

pliance referred to in *Watson* would include admonition as to loss of confrontation rights. Such loss does not bear on the wilfullness of a defendant's failure to appear when the defendant has been advised of the duty to appear, the date of trial, and the ability of the court to hold the trial in the defendant's absence.

The record of wilfullness here was very similar to that in *Powell*. Here, at arraignment, defendant was advised of a readiness date of May 11, 1985, and a trial date of May 20, 1985. Defendant failed to appear on May 11, 1985, and the case was continued for trial until September 23, 1985. In *Powell*, a trial date was set at arraignment, the defendant failed to appear on that date, and local police were unable to find him. Apparently, a subsequent trial date was set. Here, notice by certified mail of the subsequent trial date was sent to defendant at the address she had given when making bail. The letter was returned with a certificate stating: "Attempted—NOT KNOWN." In *Powell*, no notice of subsequent trial date was sent. The record in *Powell* indicated that the defendant there had been admonished concerning loss of rights of confrontation upon failure to appear. No admonition of that nature was given here, but, as we have indicated, lack of admonishment as to loss of confrontation rights is irrelevant on the issue of wilful absence. Here, during the course of the proceedings, defendant also failed to appear at a bond forfeiture hearing. Notice for that hearing and notice of the bond forfeiture were duly sent by the clerk, by certified mail, to defendant at the address given by defendant when making bond. Both were returned with a certificate indicating that the postal service was unable to find defendant.

■ The record makes a strong showing that defendant was wilfully seeking to avoid trial. She was admonished as to her requirement to attend trial and that trial could proceed in her absence if she did not appear. She did not appear at a bond revocation hearing, and notices in connection with those proceedings were returned indicating that she no longer lived at the address she had given for sending notice. A subsequent date for trial was set, and defendant was given notice pursuant to section 115—4.1(a). The return on that notice indicated that the defendant could not be found. The evidence fully supported the trial court's decision to try defendant in her absence.

We affirm the judgment appealed.

Affirmed.

MORTHLAND and SPITZ, JJ., concur.