THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CARLOS E. NEWBERN, Defendant-Appellant.

Fourth District   No. 4—88—0752

Opinion filed June 1, 1989.

Daniel D. Yuhas and Richard D. Frazier, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On July 25, 1988, defendant Carlos Newbern was tried *in absentia* and found guilty by a jury sitting in the circuit court of Macon County of the offenses of retail theft, battery, and criminal damage to property, in violation of sections 16A–3, 12–3, and 21–1, respectively, of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, pars. 16A–3, 12–3, 21–1). On September 6, he was sentenced *in absentia* to three concurrent 30-day jail sentences. He now appeals. We reverse, finding he was not proved guilty beyond a reasonable doubt.

At trial, the State's first witness was Raymond Bowers, who was working as a security guard at a local Kroger store on March 30, 1988. At approximately 4:30 p.m. on that date, he observed a black male pocket some cigarettes and attempt to leave the store without paying for them. He stopped the man at the door and, once Bowers identified himself, a fight commenced. During this fight, Bowers' identification badge case was torn, which is the basis of the criminal damage charge. During the struggle, Bowers ripped the man's coat off, and the man fled. Found in the coat pocket was an Illinois driver's license. Bowers identified the man in the photograph on the license as being the man with whom he wrestled.

Also testifying was Michael Smith, the store manager, and Michael Guymon, a retail clerk. Their testimony corroborated that of Bowers, and they both identified the picture on the license as being the man involved. Finally, Officer Marty Lowhorn of the Decatur po-

lice testified he responded to the store on March 30. At that time, he was given the evidence, including the driver's license. He testified, over objection, that the name on the license was Carlos Newbern. The State and defendant rested.

■ It is fundamental that, to sustain a conviction, a person charged with a crime must be proved beyond a reasonable doubt to be the perpetrator of that crime. (See *People v. Horodecki* (1958), 15 Ill. 2d 130, 135, 154 N.E.2d 67, 69.) The difficulties with such an identification are exacerbated in a trial *in absentia* where the witnesses cannot point to a defendant in court as the offender. In such cases, the State is obliged to prove the identity by circumstantial evidence.

In four prior cases, this court has dealt with the quantum of proof necessary to show that the person being tried *in absentia* is the same person as that described by witnesses as having committed the offense. In *People v. Collins* (1982), 109 Ill. App. 3d 1076, 441 N.E.2d 935, two witnesses observed the arrest of a person they described as having committed the offense. One witness testified to having seen that person in custody shortly after the arrest. That person was also identified as the one who had committed a previous theft and who bore the same name as the accused. The identification evidence was held sufficient. In *People v. Stanley* (1983), 116 Ill. App. 3d 532, 452 N.E.2d 105, there was again the similarity of names. There was, also, testimony of the victims identifying the perpetrator from a photograph and the testimony of a police officer that the person in the photograph admitted to the offense during an interview. This identification was held sufficient.

More recently, in *People v. Broyld* (1986), 146 Ill. App. 3d 693, 497 N.E.2d 147, there was again the similarity of names. However, this court noted that this only creates a rebuttable presumption as to the identity of the person and will not support a conviction unless there is corroboration present. (*Broyld*, 146 Ill. App. 3d at 696, 497 N.E.2d at 149.) The court found this corroboration in the testimony of the arresting officer that he arrested a person named Linda Broyld at the scene of the offense.

Finally, in *People v. Johnston* (1987), 160 Ill. App. 3d 536, 513 N.E.2d 528, there was again the similarity of names. This court reaffirmed that identical names, without corroboration, will not support a conviction. That corroboration was found in the evidence which established that the arresting officer arrested someone identified by his photo driver's license as Johnston. At trial, the officer described the offender and identified a photograph of him.

■ In the case now before us, the evidence establishes beyond a

reasonable doubt that the person pictured in the driver's license committed the charged offenses. However, the evidence fails to establish beyond that same reasonable doubt that the charged defendant is the same person pictured in the driver's license. The only evidence presented was that the name on the driver's license was the same as that of defendant, but this similarity of names, without corroboration, is insufficient to sustain a conviction. (*Johnston*, 160 Ill. App. 3d at 543, 513 N.E.2d at 533; *Broyld*, 146 Ill. App. 3d at 696, 497 N.E.2d at 149.) In this case, there is none. It would have been a simple matter to have the arresting officer identify the picture in the license as the person that was arrested and charged. This was not done and, therefore, defendant's identity as the criminal perpetrator has not been established sufficiently to sustain the conviction.

Reversed.

SPITZ and GREEN, JJ., concur.