# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Liss*, 2012 IL App (2d) 101191

---

| | |
|---|---|
| Appellate Court Caption | PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH P. LISS, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-10-1191 |
| Filed | March 28, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from defendant's conviction *in absentia* for forgery, the appellate court rejected defendant's contentions that his right to be present in the courtroom was violated and that he was not properly admonished that he would be waiving his constitutional right to confront witnesses, since the trial court substantially complied with section 113-4(e) of the Code of Criminal Procedure in admonishing him that he could be tried *in absentia*, and no new trial is required merely because the admonition does not refer to the loss of confrontation rights. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 10-CF-798; the Hon. Thomas E. Mueller, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

James K. Leven, of Chicago, for appellant.

Joseph H. McMahon, State's Attorney, of St. Charles (Stephen E. Norris and Kelly M. Stacey, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.

Justices Bowman and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1    On May 10, 2010, the defendant, Joseph P. Liss, was charged by indictment with one count of forgery (720 ILCS 5/17-3(a)(2) (West 2008)). Following a jury trial held in the defendant's absence, he was found guilty and sentenced to seven years' imprisonment. On appeal, the defendant argues that the trial, held *in absentia*, violated his constitutional right to be present in the courtroom. Alternatively, he argues that he was not properly admonished that, by failing to appear for trial, he would be waiving his constitutional right to confront witnesses. We affirm.

¶ 2                                 I. BACKGROUND

¶ 3    On May 10, 2010, the defendant was charged by indictment with one count of forgery (720 ILCS 5/17-3(a)(2) (West 2008)). The indictment alleged that the defendant, with the intent to defraud, knowingly delivered to Amcore Bank a document capable of defrauding another. Specifically, the defendant wrote a check payable to himself in the amount of $2,300 from his father's checking account and signed his father's name (Gregg Liss). The defendant thereafter cashed the check at the bank.

¶ 4    At the defendant's May 14, 2010, arraignment, the defendant was advised of the charge against him and the possible penalties. The trial court further advised the defendant as follows:

"You will have the right to have this case tried either before a judge or a jury. If this case goes to trial, at the trial you will have the right to confront or cross-examine any witness that's called to testify against you. You will have use of this court's subpoena power to force any individual into court to testify at the trial on your behalf, and you will also have what's called a privilege against self-incrimination, which means that if you and your lawyer decide that your case is going to go to trial but you are not going [to] get on the witness stand and testify at that trial, no one can make you testify."

The defendant indicated that he understood the foregoing admonition.

-2-

¶ 5    Thereafter, the defendant pled not guilty to the forgery charge and stood on his right to a jury trial. The trial court entered the plea and further admonished the defendant as follows:

"In the event, Mr. Liss, you do post bond sometime between now and the trial date, remember that it is your obligation to make every court date, and that if you miss a court date, a warrant will issue for your arrest.

If this case gets set for trial and you elect not to come to court the day of trial, not only would a warrant issue, but then you would run the risk that the trial could go forward without you, which means that you could be tried in your absence, a jury could find you guilty, and a judge could sentence you, even though you are not here.

Do you understand?"

The defendant responded affirmatively. The next status date was set for May 19, 2010. The record indicates that the defendant remained in custody because he was unable to post bond.

¶ 6    On May 19, 2010, the defendant was present and requested that the matter be set for jury trial. The jury trial was set for July 26, 2010, with the final pretrial hearing to occur on July 23, 2010. The record indicates that on July 22, 2010, a court order was entered, on a special bond call, releasing the defendant from jail on a personal recognizance bond subject to the supervision of the pretrial services division. This order was entered by a judge other than the judge assigned to the defendant's case.

¶ 7    On July 23, 2010, the final pretrial hearing was held. The defendant was not present. The trial court checked the record and noted that trial *in absentia* had been explained to the defendant. The trial court denied defense counsel's motion for continuance and issued a warrant for the defendant's arrest.

¶ 8    On July 26, 2010, the trial commenced in the defendant's absence. Defense counsel was present. In addition to presenting evidence related to the charged offense, the State presented evidence to establish that the defendant was willfully avoiding trial. Following the State's case, defense counsel presented no evidence and rested. Following deliberations, the jury returned a guilty verdict on the charge of forgery. On September 1, 2010, the trial court denied the defendant's motion for a new trial and proceeded to sentencing. At the time of sentencing, the defendant was present and in custody. After considering the parties' arguments and the defendant's statement in allocution, the trial court sentenced the defendant to an extended term of seven years' imprisonment. The defendant was eligible for an extended term as a result of his prior criminal record. On April 13, 2011, this court granted the defendant's motion to file a late notice of appeal. On April 15, 2011, the defendant filed a notice of appeal.

¶ 9                                          II. ANALYSIS

¶ 10    On appeal, the defendant argues that, by conducting his trial *in absentia*, the trial court violated his federal constitutional right to be present during his trial. The defendant contends that under the circumstances in this case, where he was not present at the start of his trial, his constitutional right to be present cannot have been waived. Since the question of whether the defendant's trial *in absentia* violated his constitutional right to be present at trial is a purely

-3-

legal one, involving no disputed facts, our standard of review is *de novo*. *People v. Breedlove*, 213 Ill. 2d 509, 512 (2004) (pure questions of law are reviewed *de novo*).

¶ 11 "A criminal defendant has a constitutional right to be present at all stages of trial and to confront all witnesses against the defendant." *People v. Smith*, 188 Ill. 2d 335, 340 (1999) (citing U.S. Const., amend. VI, and Ill. Const. 1970, art. I, § 8). In Illinois, a defendant's voluntary absence from trial may be construed as an effective waiver of his constitutional right to be present at trial. *People v. Phillips*, 242 Ill. 2d 189, 194-95 (2011). Nonetheless, a defendant in Illinois has a statutory right under section 113-4(e) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/113-4(e) (West 2008)) to be admonished as to the possible consequences of failing to appear in court when required. *Phillips*, 242 Ill. 2d at 195. Specifically, section 113-4(e) of the Code provides:

> "(e) If a defendant pleads not guilty, the court shall advise him at that time or at any later court date on which he is present that if he escapes from custody or is released on bond and fails to appear in court when required by the court that his failure to appear would constitute a waiver of his right to confront the witnesses against him and trial could proceed in his absence." 725 ILCS 5/113-4(e) (West 2008).

¶ 12 Furthermore, section 115-4.1(a) of the Code sets forth the circumstances in which a trial *in absentia* may be conducted:

> "(a) When a defendant after arrest and an initial court appearance for a non-capital felony or a misdemeanor, fails to appear for trial, at the request of the State and after the State has affirmatively proven through substantial evidence that the defendant is willfully avoiding trial, the court may commence trial in the absence of the defendant." 725 ILCS 5/115-4.1(a) (West 2008).

This section of the Code was enacted " 'to provide for a trial *in absentia*, within constitutional limits, if a defendant willfully and without justification absented himself from trial.' " *Smith*, 188 Ill. 2d at 341 (quoting *People v. Maya*, 105 Ill. 2d 281, 285 (1985)).

¶ 13 These two sections of the Code were designed to balance a defendant's constitutional right to be present at trial with the State's interest in the " 'expeditious administration of justice.' " *Smith*, 188 Ill. 2d at 342 (quoting *People v. Partee*, 125 Ill. 2d 24, 40 (1988)). When challenged as violating the state constitution, courts have upheld the constitutionality of this legislative scheme providing for a trial *in absentia*. *People v. Collins*, 109 Ill. App. 3d 1076, 1079 (1982) (citing *People v. Powell*, 95 Ill. App. 3d 93 (1981), and *People v. Clark*, 96 Ill. App. 3d 491 (1981), *abrogated on other grounds by People v. Ramirez*, 214 Ill. 2d 176 (2005)). The requirements of this legislative scheme must be satisfied regardless of whether the defendant flees before trial or during trial. *Partee*, 125 Ill. 2d at 41.

¶ 14 In arguing that his trial *in absentia* violated his federal constitutional rights, the defendant cites *Crosby v. United States*, 506 U.S. 255, 262 (1993), which held that Federal Rule of Criminal Procedure 43 prohibits trial *in absentia* of a defendant who was not present at the start of his trial. However, in the present case the defendant was tried in state court, not federal court, and Rule 43 governs only federal trials. Moreover, courts have recognized that the right to be present under Rule 43 is "broader than the confrontation protection of the sixth amendment." *United States v. Alikpo*, 944 F.2d 206, 209 (5th Cir. 1991); see also *United*

*States v. Reiter*, 897 F.2d 639, 642 (2d Cir. 1990) (noting that "rule 43 encompasses the protections afforded by the sixth amendment confrontation clause, the due process clause of the fifth amendment, and the common law right of presence"). In addition, the *Crosby* Court specifically refrained from deciding whether a trial *in absentia* of a defendant who was not present at any point during his trial would violate the United States Constitution. *Crosby*, 506 U.S. at 262.

¶ 15       In *Clark*, the Third District Appellate Court held that a trial *in absentia* of a defendant who is absent from all proceedings does not violate the United States Constitution. *Clark*, 96 Ill. App. 3d at 495. The *Clark* court noted that in *Taylor v. United States*, 414 U.S. 17, 18-20 (1973), the United States Supreme Court held that a defendant who flees during trial waives his constitutional right to be present at the trial. The *Clark* court held that the Illinois trial *in absentia* statute was a logical extension of the waiver doctrine inherent in *Taylor*. *Clark*, 96 Ill. App. 3d at 495. We agree with the result in *Clark*. It is well settled that a defendant may waive a constitutional right as long as the waiver is knowing, voluntary, and "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). Sections 113-4(e) and 115-4.1(a) of the Code ensure that these requirements are met. *People v. Garner*, 147 Ill. 2d 467, 483 (1992) ("the legislative scheme is designed to insure that trial in the defendant's absence is not held unless defendant has made a valid waiver of his right to be present at trial and to confront witnesses against him"). Accordingly, the procedure in this case did not violate the defendant's federal constitutional rights. See *Smith v. Mann*, 173 F.3d 73, 76 (2d Cir. 1999) (holding that "nothing in the Constitution prohibits a trial from being commenced in the defendant's absence so long as the defendant knowingly and voluntarily waives his right to be present"); *Jefferson v. State*, 2000-KA-01788-SCT (¶ 17) (Miss. 2002) (finding no support for the defendant's claim that his trial *in absentia*, where he had not been present at any point during the trial but was well aware of his trial date, violated the United States Constitution).

¶ 16       In so ruling, we note that the defendant cites *Hopt v. Utah*, 110 U.S. 574 (1884), and *Lewis v. United States*, 146 U.S. 370 (1892), as binding authority for the proposition that a defendant can never waive his right to be present at his trial. However, the language in those cases that supports this argument has been held to be no more than *dicta*. *Snyder v. Massachusetts*, 291 U.S. 97, 117 n.2 (1934), *overruled on other grounds by Malloy v. Hogan*, 378 U.S. 1 (1964). This broad *dicta*, that a trial can never continue in the defendant's absence, has been expressly rejected. *Illinois v. Allen*, 397 U.S. 337, 342 (1970) (citing *Diaz v. United States*, 223 U.S. 442, 458 (1912)). It is well settled that a defendant's right to be present at his trial may be lost by consent or misconduct. *Taylor*, 414 U.S. at 20; *Allen*, 397 U.S. at 342-43; *Snyder*, 291 U.S. at 106.

¶ 17       The defendant's final contention on appeal is that his trial *in absentia* was improper because the trial court failed to admonish him that he would be waiving his right to confront the witnesses against him by failing to appear. Pursuant to section 113-4(e) of the Code, if a defendant pleads not guilty at arraignment, the trial court shall advise him that if he fails to appear in court when required "his failure to appear would constitute a waiver of his right to confront the witnesses against him and trial could proceed in his absence." 725 ILCS

5/113-4(e) (West 2008). The defendant acknowledges that only substantial compliance with the requirements of section 113-4(e) of the Code is required for a defendant's trial to proceed *in absentia*. *People v. Condon*, 272 Ill. App. 3d 437, 442 (1995), *overruled on other grounds by Phillips*, 242 Ill. 2d at 200-01.

¶ 18    In the present case, the trial court complied with the requirements of section 113-4(e) of the Code. Despite the defendant's contention to the contrary, the trial court did admonish him concerning his confrontation rights. Specifically, at the arraignment, prior to the defendant's not-guilty plea, the trial court admonished him that if his case went to trial he would have the right to confront and cross-examine any witnesses who were called to testify against him. In addition, after the defendant's plea of not guilty, the trial court admonished the defendant that, if he failed to appear in court as required, the trial could proceed in his absence. The defendant clearly indicated that he understood his rights of confrontation and to be present at trial. These admonishments were sufficient to put the defendant on notice that if he failed to appear for trial he would lose the ability to confront the witnesses against him. The fact that the two admonishments were separated by the defendant's plea of not guilty does not change this result.

¶ 19    Moreover, even if the defendant were not admonished about his confrontation rights, as he contends, our result would not change. In *People v. Broyld*, 146 Ill. App. 3d 693, 697 (1986), the defendant was admonished, at arraignment, that if she failed to appear at the time of trial the trial could proceed in her absence. However, the defendant was not admonished that in failing to appear she would be waiving the right to confront the witnesses against her. *Id.* The *Broyld* court found, nonetheless, that the admonishment substantially complied with the requirements of the *in absentia* statute. *Id.* at 698 (noting that existing precedent "holds that no new trial is required merely because the admonition does not refer to loss of confrontation rights"). Accordingly, in the present case, the trial court substantially complied with the statute when it advised the defendant that the trial could proceed in his absence. The defendant's argument that he was improperly admonished is therefore without merit.

¶ 20                                   III. CONCLUSION

¶ 21    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 22    Affirmed.