THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES E. LINK, Defendant-Appellant.

Third District No. 3—96—0163

Opinion filed July 22, 1997.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, and Michael D. Robbins, of Chicago, for appellant.

David Vancil, State's Attorney, of Oquawka (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOMER delivered the opinion of the court:

Following a jury trial, defendant James E. Link was convicted of driving while his license was revoked (625 ILCS 5/6—303 (West

1996)). Because of the defendant's driving record, the present offense constituted a Class 4 felony. 625 ILCS 5/6—303(d) (West 1996). He was sentenced *in absentia* to six years' imprisonment. The defendant then filed a posttrial motion alleging that: (1) he was entitled to a new sentencing hearing because he was not "willfully" absent from sentencing; and (2) his sentence was excessive. Following a hearing, the defendant's motion was denied. The defendant appeals from the denial of that motion. We affirm.

At trial it was established that on March 18, 1995, the defendant was driving his girlfriend's truck and was involved in an accident. The defendant's brother was injured and was taken by ambulance to the hospital. The defendant's license was revoked at the time of the incident. Based upon this evidence, the defendant was found guilty of driving while his license was revoked.

Following the verdict, the trial judge scheduled the sentencing hearing for 9 a.m. on September 18, 1995, and expressly informed the defendant in open court that if he failed to appear he could be sentenced *in absentia* and lose his right to participate in the hearing. The judge took special care to warn the defendant that "it is important for you to be here" and asked the defendant if he understood that he could be sentenced *in absentia*. The defendant responded, "Yes, sir, I do."

However, the defendant failed to appear for his September 18 sentencing hearing. Defense counsel requested a continuance but admitted that he had sent the defendant notice of the hearing. The trial court denied the request for a continuance, noting that the defendant had previously been notified of the sentencing hearing, both in open court and by notice from defense counsel. The court then reviewed the presentence investigation report and heard arguments by the parties.

The State noted that the defendant was eligible for an extended-term sentence because he had previously been convicted of the same or a similar class felony within the past 10 years. 730 ILCS 5/5—5—3.2(b)(1) (West 1996). The State emphasized that the defendant had an extensive criminal record, including a number of previous convictions for driving with a revoked license. Finally, the State noted that the defendant had just served two years in prison for a similar offense. The State requested an increase in the penalty so that the defendant "gets the message." Defense counsel, on the other hand, requested probation, urging that this was "an isolated and unusual circumstance."

Following the arguments of counsel, the court sentenced the defendant to the maximum extended term of six years' imprisonment.

The defendant subsequently filed a motion to reconsider sentence. The defendant alleged that he was entitled to a new sentencing hearing because he had not been informed he could be sentenced *in absentia*. The defendant also claimed that his sentence was excessive. Following a hearing, the trial court denied the defendant's motion. The defendant appeals.

The defendant first argues that the trial court should have granted him a new sentencing hearing because he was not "willfully" absent from his sentencing hearing. At the hearing on his motion to reconsider sentence, the defendant testified that he could not recall being provided with a sentencing date at trial. Further, he could not recall receiving any notice from his attorney. At the time of his trial, he was living in Oquawka, but he subsequently moved in order to work for his brother-in-law in Peoria. Because he was out of town, defendant did not receive notice from his attorney. Additionally, maintained the defendant, he never before failed to appear for a court date.

■ A defendant may be tried or sentenced *in absentia* if the defendant willfully absents himself from the trial or the sentencing hearing. 725 ILCS 5/115—4.1 (West 1996). To establish a *prima facie* case of willful absence, the State must prove: (1) the defendant was informed of the date of the proceeding; (2) the defendant was warned his failure to appear may result in the proceedings continuing *in absentia*; and (3) the defendant failed to appear. *People v. Nivens*, 239 Ill. App. 3d 1, 603 N.E.2d 1275 (1992).

■ Here, the defendant was notified in open court that sentencing was scheduled for September 18, 1995. He was also advised that if he failed to appear on that date, sentencing might proceed *in absentia*. When asked if he understood that he could be sentenced *in absentia* if he failed to appear, the defendant responded, "Yes, sir, I do." Nevertheless, the defendant failed to appear for the scheduled sentencing hearing. Under these circumstances, there is no doubt that the State established a *prima facie* case of willful absence.

The defendant argues that the State's *prima facie* case of willful absence was overcome by evidence that his failure to appear was not "willful." Specifically, the defendant argues that a defendant is not willfully absent where he "fails to appear for his sentencing hearing due to forgetfulness or confusion about the court date." The defendant provides no case law in support of this claim. Moreover, our review of the case law reveals the defendant's claim is contrary to the prevailing law.

It is the defendant's duty to keep track of his court dates and to appear when required. *Nivens*, 239 Ill. App. 3d 1, 603 N.E.2d 1275.

Accepting forgetfulness or confusion as an excuse for failing to appear would result in virtually every *in absentia* proceeding being subject to reversal. *People v. Canal*, 210 Ill. App. 3d 733, 569 N.E.2d 233 (1991). Therefore, absences resulting from forgetfulness or confusion will not warrant new proceedings. *Nivens*, 239 Ill. App. 3d at 7, 603 N.E.2d at 1280. Accordingly, the trial court properly denied the defendant's request for a new sentencing hearing.

■ The defendant next argues that the six-year extended-term sentence imposed by the trial court was excessive.

We initially note that our review of this issue is greatly hampered by the defendant's failure to incorporate into the appellate record a copy of the defendant's presentence investigation report. We believe the defendant's failure to include that report in the appellate record provides, in and of itself, a sufficient basis for affirming the sentence imposed by the trial court. See *People v. Smith*, 214 Ill. App. 3d 327, 574 N.E.2d 784 (1991). However, even without that report it appears the sentence imposed by the trial court was justified.

When sentencing the defendant, the trial court expressly stated:

> "I find that the defendant has a history of prior delinquency, and in fact specifically find this is one of the most egregious histories of delinquency that I believe this Court has seen. \*\*\* This is a defendant who has an extensive record of driving while revoked, apparently simply ignoring the legal requirements in that respect.
>
> I find in aggravation that a sentence here to the Department of Corrections is necessary to deter others and frankly to get this defendant's attention. In argument, it was suggested this was an isolated circumstance arising out of a unique set of facts. Maybe a unique set of facts, but I don't think it is an isolated circumstance based upon defendant's record[.] I think the defendant had his chance in 1989, 1991, in 1993, and even two years in the Department of Corrections [were] not enough to get this defendant's attention that without a license you are not entitled to drive.
> \*\*\*
> \*\*\* [T]he defendant's conduct in this case was enhanced from a misdemeanor to a felony by the traffic conviction 91—TR—411. I think because of felony convictions 93—CF—2 in Warren County, 93—CF—1 in Henderson County, 93—CF—41 in Mercer County, I think extended term is applicable here, and for all of the preceding reasons, I sentence the defendant to a maximum term of six years in the Department of Corrections."

It is clear that the defendant received a severe sentence. However, based upon the trial judge's comments at sentencing it appears that such a sentence was justified by the defendant's criminal history.

Therefore, we are unable to say that the six-year term of imprisonment constituted an abuse of discretion.

For the foregoing reasons, the judgment of the circuit court of Henderson County is affirmed.

Affirmed.

MICHELA and McCUSKEY, JJ., concur.