THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ERNESTINE SMITH, Defendant-Appellant.

Second District   No. 2—97—0471

Opinion filed September 25, 1998.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), and Kenneth H. Hobson, of White Hall, for the People.

JUSTICE INGLIS delivered the opinion of the court:

Following a bench trial, defendant, Ernestine Smith, was convicted of unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 1996)) and sentenced to six years' imprisonment. Defendant appeals her conviction and contends that the trial court abused its discretion by starting the trial in her absence without first determining whether she was willfully absent.

At trial, two North Chicago police officers testified that they participated in the execution of a search warrant at an apartment in North Chicago on January 31, 1997. Pursuant to the execution of the warrant, defendant was handcuffed with her hands behind her. Both officers testified that while defendant was handcuffed they saw her reach into one of her pockets. One of the officers testified that defendant reached into the left front pocket of her sweat pants. The other officer testified that he could not recall which of her pockets defendant reached into but that it could have been a jacket pocket. Because defendant had not yet been searched for weapons when the officers saw her reach into her pocket, one of the officers grabbed defendant's arm and pulled her hand out of her pocket. As defendant's hand was pulled from her pocket, a plastic baggie fell from her hand. It was later determined that the baggie contained .11 grams of crack cocaine.

Defendant testified that the baggie containing the crack cocaine was not hers. Defendant theorized that the police mistakenly concluded that the baggie was hers and that it actually belonged to another occupant of the apartment. Defendant posited that she could not have reached into her front pocket while she was handcuffed with her hands behind her.

The trial court entered a finding of guilty. After denying defendant's motion for a new trial, the trial court sentenced defendant to six years' imprisonment. Defendant's timely appeal followed.

On appeal, defendant contends that the trial court abused its discretion by starting her trial in her absence. At her arraignment on February 28, 1997, the trial court advised defendant that her trial date was March 17, 1997. The court also advised defendant that she must be present at the trial or else the trial could proceed without her. The court cautioned defendant that if her trial proceeded *in absentia* it would mean that she would not be able to confront witnesses or cooperate with her attorney. At a pretrial hearing held on March 11, 1997, defendant waived her right to a jury trial.

At another hearing held on March 14, 1997, defendant advised the trial court that she was planning to have a tubal ligation and that she needed to do something in connection with that on the day of the trial. The judge asked defendant if she could do it in the afternoon on that day. Defendant stated that she could do it in the afternoon. The judge then advised defendant that her trial would begin at 9 a.m. and assured defendant that her trial would be over before noon.

On March 17, 1997, the scheduled trial date, defendant's trial was called at or soon after 9 a.m. Defendant's attorney then stated that defendant was not present. Defendant's attorney also stated that at the previous hearing defendant had mentioned a medical situation that she had to attend to. Defendant's attorney made an oral motion to continue the matter until defendant arrived.

The State objected to a continuance. The trial court then commented that the medical situation had been dealt with and denied the motion for a continuance. The trial court then asked the State if it wished to proceed with the trial *in absentia*. The State's Attorney replied "yes." Defendant's attorney objected. The trial court then stated, "She was advised of her right to be here, that if not, she could be tried in absentia, and therefore we will proceed, if the State wishes."

Following brief opening statements, the State presented the testimony of its first witness, one of the North Chicago police officers. While that witness was giving direct testimony, defendant entered the courtroom. The record shows that defendant entered the courtroom at about 9:35 a.m. Defendant's attorney then advised the court that defendant had arrived. The court stated "Okay. Have her take a seat and we will continue with the trial." Defendant was present for the remainder of the trial, including the cross-examination of the first witness. When she entered the courtroom, defendant did not offer any explanation for her tardiness. After the trial court found defendant guilty, the State asked that defendant's bond be revoked. At that point, defendant stated that her daughter was outside of the courtroom and suggested that her daughter had somehow caused her to be late for her trial. Defendant offered no other reason for her tardiness.

On appeal, defendant contends that the trial court abused its discretion and violated her constitutional rights by proceeding with her trial *in absentia*. Defendant asserts that the trial court erred by failing to determine whether she was willfully absent before proceeding without her.

■ An accused has a basic right guaranteed by the United States Constitution (U.S. Const., amend. VI; *Illinois v. Allen*, 397 U.S. 337, 25 L. Ed. 2d 353, 90 S. Ct. 1057 (1970)) and the Illinois Constitution (Ill. Const. 1970, art. I, § 8) to be present in the courtroom at every stage of her trial. However, an accused waives this right when she voluntarily absents herself from her trial. *People v. Owens*, 102 Ill. 2d 145, 157 (1984).

■ The Code of Criminal Procedure of 1963 provides that a defendant's willful absence is a prerequisite for a trial *in absentia*. 725 ILCS 5/115—4.1(a) (West 1996). The State establishes a *prima facie* case of willful absence by proving that the defendant (1) was advised that her failure to appear could result in a trial *in absentia*, (2) was advised of her trial date, and (3) did not appear for her trial. *People v. Nivens*, 239 Ill. App. 3d 1, 7 (1992). When a defendant is willfully absent, whether to proceed in the defendant's absence is within the discretion of the trial judge. See *People v. Flores*, 104 Ill. 2d 40, 50 (1984).

In this case, defendant does not dispute that the State established a *prima facie* case for her willful absence. Rather, defendant contends that the trial court nonetheless abused its discretion by proceeding with her trial *in absentia*. In support of her position, defendant relies primarily on *People v. Jones*, 269 Ill. App. 3d 925 (1995).

In *Jones*, the defendant was not present when his trial, which had been continued for closing arguments, was called for resumption at 9 a.m. In response to the trial court's question regarding what should be done, defendant's attorney stated, "[W]ell, go ahead." *Jones*, 269 Ill. App. 3d at 928. The closing arguments began about 9:05 a.m. The defendant testified at a posttrial hearing that he arrived at the courtroom about 9:15 on the day of the closing arguments but that a bailiff prevented him from entering the courtroom until the arguments were completed or were almost completed. The defendant also testified that he was late because he was "stressed." *Jones*, 269 Ill. App. 3d at 929.

The Appellate Court, Fourth District, concluded that the trial court abused its discretion by proceeding with the defendant's trial *in absentia*. The court noted that the defendant had appeared previously, was only 15 minutes late, and that no attempt had been made to locate the defendant. The court stated that heroic efforts were not necessary but that "[t]he trial court should have sought further infor-

mation about defendant's situation before proceeding with the trial." *Jones*, 269 Ill. App. 3d at 930.

■ It is not clear from the *Jones* opinion whether the defendant in that case had been advised that his trial could proceed *in absentia* if he failed to appear for the trial. Thus, it is not known whether the State established a *prima facie* case of willful absence in *Jones*. However, we disagree with *Jones* to the extent that it holds that when the State has established a *prima facie* case of willful absence a trial court abuses its discretion if it proceeds with a trial *in absentia* unless it first tries to determine why the defendant is absent. We believe that where a defendant has been advised of her trial date and that her failure to appear could result in a trial *in absentia*, the defendant has the burden of contacting the court to explain any failure to appear. It is the defendant's duty to keep track of her court date, to appear when required, and to keep the court informed of her whereabouts. *Nivens*, 239 Ill. App. 3d at 7.

■ Of course, a trial court may decide to wait before going ahead without the defendant when a proceeding has been called and the defendant is not present. A court may also choose to seek further information as to an absent defendant's whereabouts as required by *Jones*. However, we disagree with *Jones* that a court *must* make such inquiries before proceeding. We hold that if the defendant is absent, has not contacted the court, and a *prima facie* case of willful absence has been established a trial court does not abuse its discretion if, at the State's request, it immediately begins the proceedings without further inquiry as to the reasons for the defendant's absence.

In this case, it is undisputed that defendant failed to appear for her trial after she had been advised of the trial date and time and that if she failed to appear the trial could proceed *in absentia*. Thus, a *prima facie* case that she was willfully absent was established. Moreover, defendant did not contact the court to explain her absence. Under these circumstances, we cannot say that the trial court abused its discretion when it immediately started defendant's trial *in absentia*.

We also note that, after she arrived at the courtroom, defendant did nothing to rebut the *prima facie* case of willful absence. A defendant rebuts a *prima facie* case of willful absence only by proving that her absence was not her fault and was due to circumstances beyond her control. *Nivens*, 239 Ill. App. 3d at 7. Here, defendant offered no specific reason for her tardiness. Defendant's vague statement that her daughter somehow caused her to be late was insufficient to prove that her absence was not her fault and was due to circumstances beyond her control. See *People v. Canal*, 210 Ill. App. 3d 733, 736 (1991) (neither confusion, forgetfulness, nor inability to arrange transportation justified failure to appear).

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

THOMAS and RATHJE, JJ., concur.