(No. 86423.— )

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ERNESTINE SMITH, Appellant.

*Opinion filed November 18, 1999.*

RATHJE, J., took no part.
HEIPLE, J., specially concurring.

G. Joseph Weller, Deputy Defender, and Thomas A. Lilien, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, and James J. Dvorak, law student, for appellant.

James E. Ryan, Attorney General, of Springfield, and Michael J. Waller, State's Attorney, of Waukegan (Joel D. Bertocchi, Solicitor General, and William L. Browers and Adrian J. Barrio, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE McMORROW delivered the opinion of the court:

At issue in this case is whether the trial court abused its discretion by starting defendant's trial in her absence without first determining whether she was willfully absent. The defendant, Ernestine Smith, was convicted of unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 1996)) and sentenced to six years' imprisonment. Defendant appealed her conviction, contending that the trial court abused its discretion and violated her constitutional rights by starting her trial in her absence. The appellate court affirmed the judgment of the circuit court, finding that the State had presented a *prima facie* case that defendant was willfully absent and that the trial court did not abuse its discretion by beginning proceedings *in absentia.* 298 Ill. App. 3d 1067. We affirm.

## BACKGROUND

The evidence at defendant's trial established that, on the evening of January 31, 1997, police executed a search warrant at an apartment located in North Chicago. Defendant and three men were present in the apartment at

the time the warrant was executed. All four of the apartment's occupants were handcuffed and instructed to remain on the floor. Defendant, whose hands were cuffed behind her, began screaming after she was informed that she would be searched for weapons. Defendant then began "squirming around" on the floor and succeeded in placing one of her hands in a front pocket of her sweatpants outfit. When asked by the officers what she had in her pocket, she responded, "Nothing." Suspecting that defendant might have a weapon on her person, the officers grabbed defendant's arm and pulled her hand out of her pocket, whereupon a small plastic bag fell from defendant's hand. It was subsequently determined that the bag contained 0.11 ounces of crack cocaine. A metal tube, characterized as a "crack pipe" by the officers, was also found in defendant's possession.

Defendant was released on a personal recognizance bond on February 1, 1997. On February 19, 1997, defendant was charged by indictment with unlawful possession of a controlled substance, and she was arraigned on February 28, 1997. During the arraignment proceedings, the trial court advised defendant that her trial date was March 17, 1997, and also admonished her that she must be present at that time, and that if she were not present, the trial could proceed without her. The court cautioned defendant that should her trial proceed *in absentia*, she would not be able to confront witnesses or assist her attorney. During a March 11, 1997, pretrial hearing, defendant waived her right to a jury trial. During another pretrial hearing held on March 14, 1997, defendant advised the trial court that she was planning to have a tubal ligation in the near future and made vague statements that she needed to do something in connection with that medical procedure on the day her trial was scheduled. The trial court judge inquired of defendant whether she could attend to her medical needs during the afternoon of

March 17. When defendant responded in the affirmative, the judge advised defendant that her trial would begin at 9 a.m. on March 17, 1997, and assured her that the proceedings would be completed before noon.

On the morning of March 17, the scheduled trial date, defendant was not present in court when her case was called at 9 a.m. Defense counsel orally moved for a continuance, advising the court that during the March 14 pretrial hearing, defendant stated that she had planned to attend to something connected with her tubal ligation. The State objected. The trial court denied the motion, and commented that issues dealing with defendant's upcoming medical procedure had been "dealt with" during the March 14 pretrial hearing. The trial court then inquired of the State if it wished to proceed *in absentia*. The State's Attorney replied "yes," and defense counsel objected. The trial court then stated: "[Defendant] was advised of her right to be here, that if not, she could be tried *in absentia*, and therefore we will proceed, if the State wishes."

Both the State and defense counsel thereafter gave brief opening statements. The State was eliciting the direct testimony of its first witness when defendant entered the courtroom at approximately 9:35 a.m. At the time defendant appeared, she did not offer any explanation for her tardiness, and the trial continued. After the State rested its case, defendant testified in her own behalf that the bag containing the crack cocaine was not hers. According to defendant, the drugs belonged to another occupant of the apartment. Defendant also testified that she could not have reached into a front pocket of her clothing while her hands were cuffed behind her back.

The trial court found defendant guilty. The State then requested that the court revoke defendant's bond. At that point, defendant stated that her daughter was outside the courtroom and suggested that her daughter

had somehow caused defendant to be late for her trial. Defendant offered no other reason for her tardiness. The court revoked defendant's bond. Subsequently, the trial court denied defendant's motion for a new trial and sentenced her to a six-year term of imprisonment.

The appellate court affirmed. 298 Ill. App. 3d 1067. Relying upon a long line of appellate court decisions, the court found that the State had established a *prima facie* case that defendant was willfully absent from the courtroom at the start of her trial. The appellate court additionally determined that defendant failed to rebut the State's *prima facie* case of willful absence. The court held that defendant's vague statement that her daughter had somehow caused her to be late was insufficient to show that defendant's absence was not her fault and was due to circumstances beyond her control. The appellate court held that the trial court did not abuse its discretion by commencing proceedings *in absentia* without further inquiry with respect to the reasons for defendant's absence.

We granted defendant's petition for leave to appeal. 177 Ill. 2d R. 315.

## ANALYSIS

A criminal defendant has a constitutional right to be present at all stages of trial and to confront all witnesses against the defendant. U.S. Const., amend. VI; Ill. Const. 1970, art. I, § 8. Trials conducted in the absence of a defendant are not favored, and courts are reluctant to permit a trial to proceed in a defendant's absence. *People v. Partee*, 125 Ill. 2d 24, 40 (1988); *People v. Davis*, 39 Ill. 2d 325, 330-31 (1968). However, it is well established that "[i]t is not only defendant's right to be present, but it is also [defendant's] duty, especially where [defendant] has been released on bail." *People v. Steenbergen*, 31 Ill. 2d 615, 618 (1964); see also *People v. Davis*, 39 Ill. 2d 325, 330 (1968); *People v. Smith*, 189 Ill. App. 3d 80, 83

(1989); *People v. Johnston*, 160 Ill. App. 3d 536, 541 (1987); *People v. Burns*, 117 Ill. App. 3d 123, 128 (1983); *People v. Clark*, 96 Ill. App. 3d 491, 495 (1981). A defendant waives the right to be present when the defendant voluntarily absents himself or herself from trial. *People v. Owens*, 102 Ill. 2d 145, 157 (1984); *Davis*, 39 Ill. 2d at 330; *Steenbergen*, 31 Ill. 2d at 618. This rule is grounded in the rationale that to allow a defendant to stop trial proceedings by his or her voluntary absence would allow a defendant to profit from his or her own misconduct. *Owens*, 102 Ill. 2d at 157; *Steenbergen*, 31 Ill. 2d at 618. A trial court's decision to proceed with a trial *in absentia* will not be reversed unless the trial court abused its discretion. *People v. Flores*, 104 Ill. 2d 40, 50 (1984).

Section 115—4.1 of the Code of Criminal Procedure of 1963 (the Code) sets forth the circumstances in which a trial *in absentia* may be conducted. In enacting section 115—4.1(a), the "legislature's intention was to provide for a trial *in absentia*, within constitutional limits, if a defendant willfully and without justification absented himself from trial." *People v. Maya*, 105 Ill. 2d 281, 285 (1985). Section 115—4.1(a) provides in pertinent part:

> "When a defendant after arrest and an initial court appearance for a non-capital felony, fails to appear for trial, at the request of the State and after the State has affirmatively proven through substantial evidence that the defendant is willfully avoiding trial, the court may commence trial in the absence of the defendant." 725 ILCS 5/115—4.1(a) (West 1996).

Defendant contends that the State failed to satisfy its burden, pursuant to section 115—4.1(a), of affirmatively proving through substantial evidence that she was willfully avoiding trial. Section 115—4.1, as amended in 1979 by Public Act 81—1066 (Pub. Act 81—1066, § 1 (eff. September 26, 1979)), permits trials *in absentia* where defendants are absent any time after "arrest and an initial court appearance." 725 ILCS 5/115—4.1(a) (West 1996).

At the time section 115—4.1 was amended, the legislature also added a new subsection (e), which provides in pertinent part:

"When a defendant who in his absence has been either convicted or sentenced or both convicted and sentenced appears before the court, he must be granted a new trial or new sentencing hearing if the defendant can establish that his failure to appear in court was both without his fault and due to circumstances beyond his control." 725 ILCS 5/115—4.1(e) (West 1996).

This section operates as a safeguard to prevent trials *in absentia* in those instances where a defendant, through no fault of his or her own, is prevented from appearing in court due to circumstances beyond the defendant's control. Willful absence is a prerequisite for trial *in absentia*. If a defendant establishes the requirements of subsection (e), the trial court must grant the defendant a new trial and/or a new sentencing hearing.

Section 113—4 of the Code was also amended to provide that when a defendant enters a plea of not guilty, the trial court shall advise the defendant that if he or she is released on bond and fails to make required court appearances, the defendant's failure to appear constitutes waiver of the right to confront witnesses and that the failure to appear also permits the trial court to proceed in the defendant's absence. 725 ILCS 5/113—4(e) (West 1996). In *People v. Partee*, 125 Ill. 2d 24, 40 (1988), this court observed that the 1979 amendments to sections 115—4.1 and 113—4 were "part of a complex series of tradeoffs designed to balance the defendant's right to be present at trial, the State's interest in the expeditious administration of justice, and our traditional distrust of trials *in absentia*."

Shortly after section 115—4.1 was amended in 1979, our appellate court developed a three-part test to determine whether the State has established a *prima facie* case of a defendant's willful absence within the

meaning of that statutory provision. To establish a *prima facie* case of willful absence, the State must demonstrate that the defendant: (1) was advised of the trial date; (2) was advised that failure to appear could result in trial *in absentia;* and (3) did not appear for trial when the case was called. *E.g.*, *People v. Link*, 291 Ill. App. 3d 1064, 1066 (1997); *People v. Williams*, 274 Ill. App. 3d 793, 803 (1995); *People v. Nivens*, 239 Ill. App. 3d 1, 7 (1992); *People v. Coppage*, 187 Ill. App. 3d 436, 444 (1989); *People v. Joyner*, 109 Ill. App. 3d 1083, 1088 (1982). The appellate court has also held that "[o]nly if the defendant introduces some evidence that [the defendant] did not act wilfully should more be required of the State." *People v. Watson*, 109 Ill. App. 3d 880, 883 (1982); see also *People v. Broyld*, 146 Ill. App. 3d 693, 699 (1986).

Before this court, defendant challenges use of the *prima facie* standard to establish a defendant's willful absence from trial. According to defendant, allowing the State to proceed *in absentia* based upon a *prima facie* showing of a defendant's willful absence impermissibly lowers the burden of proof imposed upon the State by section 115—4.1(a). Defendant maintains that her failure to appear in court should not be equated with a willful absence, and that, at most, the State merely showed that she was not present in court at the time her case was called for trial.

Relying upon *People v. Jones*, 269 Ill. App. 3d 925 (1995), defendant contends that section 115—4.1(a) requires a trial court and/or the State to take affirmative steps to "locate her or to determine whether she was absent due to a medical problem or for some other reason—or whether she was *en route* to court." In *Jones*, the defendant failed to appear for the closing argument portion of his trial. When the defendant did not appear, the trial court in *Jones* requested defendant's position from defense counsel. Counsel merely responded, "well,

go ahead." The closing arguments, scheduled for 9 a.m., began at 9:05 a.m. Defendant arrived sometime during the arguments, which were completed at 9:25 a.m. During a post-trial hearing, the defendant testified that he arrived at the courthouse at 9:15 a.m., but was informed by the bailiff that he could not enter the courtroom until the closing arguments concluded. On these facts, the appellate court held that the trial court abused its discretion by proceeding with closing arguments in the defendant's absence. The appellate court noted that the defendant had been present during the earlier stages of his trial, was "only 15 minutes late" for the closing arguments, and no attempt was made by the trial court to locate the defendant. *Jones*, 269 Ill. App. 3d at 930.

During oral argument in the case at bar, counsel for defendant relied upon *Jones* in asserting that the trial court and/or the State have a "duty" to wait for an absent defendant and to attempt to locate the defendant before proceeding with trial *in absentia*. In response to an inquiry as to how long a trial court must wait, counsel stated that although the time would vary with each case, the trial court in all instances should be required to have "some sort of recess for someone to go check where [defendant] is; for the State to call the police—whatever police department is involved—send an officer to the house to see if [defendant] is there or not or the defense attorney to try to make a phone call; some sort of effort to contact the defendant is necessary in this situation." Defense counsel, in the case at bar, suggested that a continuance of "15 minutes to one-half hour" would have been appropriate, as defendant "just happened to be a little late." Analogizing her case to *Jones*, defendant urges us to find that the trial court failed to follow section 115—4.1(a) and abused its discretion by proceeding *in absentia* because defendant had previously appeared

at all court times, she arrived shortly after the proceedings commenced, and no attempt was made by the court to locate her before proceeding with the trial.

We reject defendant's argument. We decline to impose a duty upon the trial court and/or the State to wait for or attempt to locate absent defendants before a trial *in absentia* may commence. We agree with the appellate court that without the use of a *prima facie* standard, the State may confront a "logical dilemma" in having to prove a negative to establish that a defendant is willfully absent from his or her trial. It would be highly impractical for the State to negate with evidence the many conceivable explanations a defendant might present to excuse his or her absence from court. Under defendant's rationale, as long as the reasons for a defendant's absence remain unknown, the State would be prevented from proceeding to trial, even if such uncertainty lasted for hours, days, months, or years. Accepting defendant's argument could potentially impose a crippling burden upon the court system and pose a danger to the orderly administration of judicial process.

Further, defendant's argument is contrary to well-established legal principles. We reiterate that a defendant who has been released on bail pending trial has a duty to appear at the place and time designated for trial. See *Davis*, 39 Ill. 2d at 330; *Steenbergen*, 31 Ill. 2d at 618; *Smith*, 189 Ill. App. 3d at 83; *Johnston*, 160 Ill. App. 3d at 541; *Burns*, 117 Ill. App. 3d at 128; *Clark*, 96 Ill. App. 3d at 495. When a defendant breaches this duty and fails to appear, notwithstanding that the defendant has been previously informed of the time and date of trial and has been personally admonished by the trial court that a failure to appear could result in trial *in absentia*, a "very strong inference is raised that the defendant has elected not to appear." *Broyld*, 146 Ill. App. 3d at 699. After a defendant is advised of the date and time of trial,

it is the responsibility of the defendant, not the court or the State, to ensure his or her appearance at the designated time and place of trial. " '[T]here can be no doubt whatever that the governmental prerogative to proceed with a trial may not be defeated by conduct of the accused that prevents the trial from going forward.' " *Taylor v. United States*, 414 U.S. 17, 20, 38 L. Ed. 2d 174, 178, 94 S. Ct. 194, 196 (1973), quoting *Illinois v. Allen*, 397 U.S. 337, 349, 25 L. Ed. 2d 353, 362, 90 S. Ct. 1057, 1063 (1970) (Brennan, J., concurring).

If a defendant is not present at the time trial is scheduled to commence, it is within the discretion of the trial court whether to proceed in the defendant's absence. It is a fundamental precept that a "trial judge[ ] [has] authority to control his own docket." *People v. Flores*, 104 Ill. 2d 40, 49 (1984). In exercising this authority, the trial court may, in its discretion, choose to proceed to trial in a defendant's absence after a *prima facie* case of willful avoidance is established. Just as "[h]eroic efforts to ascertain a defendant's whereabouts are not required of the State prior to conducting a trial *in absentia*" (*Smith*, 189 Ill. App. 3d at 84; see also *People v. Johnston*, 160 Ill. App. 3d 536, 541 (1987); *Joyner*, 109 Ill. App. 3d at 1088), neither are such efforts required of the trial court.

In sum, we refuse to impose upon the trial court and/or the State the duty and burden to wait for, or attempt to locate, an absent defendant before commencing a trial *in absentia*. We adhere to the rule that the trial court is to exercise its sound discretion, based upon the facts and circumstances before it, in its determination of whether trial should proceed in a defendant's absence. To the extent that *Jones* holds otherwise, that decision is overruled.

Defendant also contends that the holding of the appellate court unconstitutionally placed a burden of pro-

duction upon her to rebut the State's *prima facie* case and present evidence that her absence was not willful. Relying upon subsection (e) of section 115—4.1, the appellate court stated that "[a] defendant rebuts a *prima facie* case of willful absence only by proving that her absence was not her fault and was due to circumstances beyond her control." 298 Ill. App. 3d at 1071.

An argument similar to that raised by defendant was rejected by the appellate court in *People v. Broyld*, 146 Ill. App. 3d 693 (1986). In *Broyld*, the defendant challenged the appellate court's use of the *prima facie* test on the basis that it "place[d] a burden on the defendant to go forward with *** evidence" to show that the defendant's absence was not willful. *Broyld*, 146 Ill. App. 3d at 699. We agree with the reasoning in *Broyld* that "[t]he issue of whether an accused is wilful in failing to appear for trial does not bear upon the accused's guilt or innocence. No presumption of innocence is involved and no constitutional problem results from any burden of producing evidence" placed upon a defendant to show that his or her absence was not willful. *Broyld*, 146 Ill. App. 3d at 699. *Cf. People v. Watts*, 181 Ill. 2d 133, 147 (1998). We find no constitutional violation in placing the burden of production upon a defendant to rebut the State's *prima facie* case with evidence that defendant's absence was not willful.

In the cause at bar, the appellate court determined that the State established a *prima facie* case that defendant was willfully absent at the commencement of her trial. We agree. The record discloses that during defendant's arraignment on February 28, 1997, the trial court, in accordance with section 113—4(e) of the Code, advised defendant that her failure to appear at trial could result in a trial *in absentia*. The court stated: "You must be here *** or they could proceed to trial without you *** which means you wouldn't be here to confront witnesses,

cooperate with your attorney and could be sentenced ***
without being present." At that time, the trial court also
informed defendant that her trial was set for March 17,
1997. The record further indicates that the date and time
of defendant's trial was discussed during the two
subsequent pretrial hearings. Therefore, defendant was
on notice that her trial was set to begin at 9 a.m. on
March 17, 1997. Defendant had ample time to arrange
her transportation to the courthouse and to reschedule
any appointments she may have previously made in or-
der to assure her prompt arrival at the time and place of
trial. Finally, the record establishes that defendant was
not present at the time her case was called for trial.
Under these facts, we determine that the State satisfied
the elements for establishing a *prima facie* case of willful
absence. We hold that the trial court did not abuse its
discretion in proceeding with defendant's trial.

Further, the appellate court properly determined that
defendant failed to rebut the State's *prima facie* case of
willful absence. We reject defendant's contention that
her arrival in court shortly after the commencement of
her trial establishes that she was not willfully absent.
The trial court's ruling on whether to proceed *in absentia*
must be viewed from the perspective of the court at the
time the ruling is made. The trial court could not have
known at the time it decided to proceed in defendant's
absence that she would appear within a short time.

Further, when defendant entered the courtroom, no
explanation for her tardiness was offered. We note that
at the time defendant appeared in court, the State was
proceeding with the direct examination of its first wit-
ness, and that defendant was present during the remain-
ing portion of the direct examination and the cross-
examination of this witness, as well as during the
remainder of the State's case in chief. Defendant also
testified in her own behalf. After all the evidence was

presented and closing arguments were concluded, defendant was found guilty by the trial court and the State requested that defendant's bond be revoked. It was at this time that defendant first offered a vague statement that her daughter had somehow caused her to be late for trial. The transcript of the proceedings reflects the following exchange:

"THE COURT: I will revoke her bond.

THE DEFENDANT: Excuse me, Judge, my daughter is outside.

THE COURT: Get a pretrial bond services report.

DEFENSE COUNSEL: Given she just added her daughter being late.

THE DEFENDANT: That's why I was late. I never missed court. You can look in my files. Never."

We note that the above statements reflect the totality of the explanation offered by defendant as to her tardiness, and that defendant does not contend that it was her "medical condition" which made her late. Under the facts presented, we find no error in proceeding *in absentia*.

Finally, we find no error in the court's ruling that, if defendant wished to prevent her trial *in absentia*, she had the obligation to contact the court and explain her failure to appear. Stemming from a defendant's well-settled duty to appear at the time and place of trial is the concurrent obligation to keep the court informed of his or her whereabouts. *Nivens*, 239 Ill. App. 3d at 7; *Smith*, 189 Ill. App. 3d at 83-84; *People v. Burns*, 117 Ill. App. 3d 123, 128 (1983). Requiring a defendant to contact the court or defense counsel to explain the defendant's absence does not unduly burden the defendant's right to be present at trial. Further, the public interest in the efficient administration of justice is advanced by the use of this procedure.

We hold that the State had established a *prima facie* case of defendant's willful absence from trial, and that

defendant introduced no evidence to rebut the State's case to show that her absence was not her fault or due to circumstances beyond her control. We stress that the determination of whether a defendant is willfully absent from his or her trial is a matter within the sound discretion of the trial court. We emphasize that each case must be judged on the facts that exist at the time the trial court makes the decision whether to proceed in defendant's absence. Under the facts presented in the instant matter, we hold that the trial court did not abuse its discretion in proceeding with defendant's trial in her absence.

## CONCLUSION

For the foregoing reasons, the judgment of the appellate court is affirmed.

*Affirmed.*

JUSTICE RATHJE took no part in the consideration or decision of this case.

JUSTICE HEIPLE, specially concurring:

I concur in the majority's conclusion that the trial court properly commenced defendant's trial *in absentia* based upon a showing that defendant had failed to appear in court on her scheduled trial date after having been previously advised of the trial date and of the consequences of her failure to appear. I write separately, however, because I disagree with the majority's contention that the evidence offered by the State to prove that defendant was willfully absent satisfied the requirements of section 115—4.1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/115—4.1(a) (West 1996)). Rather, I would hold that, under the circumstances presented by this case, the trial judge properly proceeded with a trial *in absentia* as an exercise of his inherent authority to control his own docket.

The majority asserts that the State may establish a *prima facie* case that the defendant is willfully absent from court by demonstrating that the defendant: (1) was advised of the trial date; (2) was advised that failure to appear could result in trial *in absentia*; and (3) did not appear for trial when the case was called. 188 Ill. 2d at 343. According to the majority, by establishing such a *prima facie* case, the State has " '*affirmatively* proven through *substantial* evidence that the defendant is willfully avoiding trial,' " thus permitting the court to proceed with trial in defendant's absence. (Emphasis added.) 188 Ill. 2d at 341, quoting 725 ILCS 5/115—4.1(a) (West 1996). On the contrary, the majority's conclusion is only possible by ignoring the two most important words of the statute. The fact that a defendant fails to appear at trial is *affirmative* proof only that defendant did not appear at trial—nothing more. Defendant's absence at trial is equally consistent with her having been in an automobile accident on her way to the courthouse as with willful avoidance of trial. Likewise, evidence that a defendant received routine admonitions about the consequences of her failure to appear at trial, and then failed to appear in court, can hardly be characterized as *substantial*. Thus, the *prima facie* case which this court holds sufficient to justify a trial *in absentia* actually falls far short of the requirement which the statute purports to impose upon the courts of this state.

Despite my finding that the statutory requirements were not satisfied in this case, however, I nonetheless concur in the majority's judgment that the trial court had the authority to proceed as it did. I reach this result due to my emphatic agreement with the majority's analysis of the practical consequences of a contrary rule. The majority writes:

"[W]ithout the use of a *prima facie* standard, the State may confront a 'logical dilemma' in having to prove a negative to establish that defendant is willfully absent from

his or her trial. It would be highly impractical for the State to negate with evidence the many conceivable explanations a defendant might present to excuse his or her absence from court. Under defendant's rationale, as long as the reasons for defendant's absence remain unknown, the State would be prevented from proceeding to trial, even if such uncertainty lasted for hours, days, months, or years. Accepting defendant's argument could potentially impose a crippling burden upon the court system and pose a danger to the orderly administration of judicial process." 188 Ill. 2d at 345.

Accordingly, in light of the very real dangers pointed out by the majority, I would hold that, to the extent that the statute would prevent a court from proceeding with a trial *in absentia* after the State establishes a *prima facie* case of defendant's willful absence, the statute "unconstitutionally infringes upon a trial judge's authority to control his docket." *People v. Flores*, 104 Ill. 2d 40, 49 (1984).

Accordingly, I concur.